IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| ROSEMARIE BROWN | * | |
|---|---|---|
| Plaintiff | * | |
| v. | * | Civil No. TJS-12-2911 |
| EMMITSBURG GLASS CO. *et al.*, | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion[1] addresses Defendant Guardian Life Insurance Company of America's ("Guardian") Motion for Judgment on the Pleadings (ECF No. 45), Plaintiff Rosemarie Brown's Response (ECF No. 46), and Guardian's Reply (ECF No. 47). For the reasons stated herein, Guardian's Motion for Judgment on the Pleadings is **DENIED**. This Memorandum Opinion and Order disposes of ECF Nos. 45, 46, and 47.

**I.     BACKGROUND**

  **A.     Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). The court must "accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards*, 178 F.3d at 244. The plaintiff's "[f]actual allegations must be enough to raise a

---

[1] On October 25, 2012, this case was referred to then-Chief Magistrate Judge Paul Grimm for all proceedings, pursuant to 28 U.S.C. § 636(c) by consent of the parties. After Judge Grimm's elevation to United States District Judge this case was reassigned to me.

right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. A complaint attacked by a motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. When a court considers matters outside the pleadings, a motion under Rule 12(b)(6) or (c) must be treated as a motion for summary judgment under Rule 56 and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Here, both Guardian and Plaintiff present matters outside the pleadings, and the Court will treat the Motion as a motion for summary judgment. Guardian and Plaintiff each, for example, refer to this Court's opinion (ECF No. 41) denying Guardian's Motion for Summary Judgment (ECF No. 17). This opinion is based almost entirely on matters outside the pleadings. Ordinarily, when a motion for judgment on the pleadings is converted to a motion for summary judgment, a court must afford a reasonable opportunity for discovery to the parties and must permit an opportunity for the non-moving party to present matters outside the pleadings. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). Because I will deny Guardian's Motion, it is unnecessary at this time to provide the parties an opportunity to engage in discovery or to permit Plaintiff an opportunity to submit matters outside the pleadings.

In reviewing the evidence related to a motion for summary judgment, the Court considers the facts in the light most favorable to the non-moving party. *Ricci v. DeStafano*, 557 U.S. 557, 585 (2009); *George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 391-98 (4th Cir. 2009); *Dean v. Martinez*, 336 F. Supp. 2d 477, 480 (D. Md. 2004). Unless otherwise stated, the background provided here is comprised of undisputed facts. Where a factual dispute between the parties exists, the facts are considered in the light most favorable to the non-moving party.

B.  **Summary of the Facts**

Judge Grimm's opinion dated December 5, 2012 (ECF No. 41) provides a fair summary of the factual background of this case. For clarity, I will summarize below those facts that are

most critical to my analysis and decision. Plaintiff's son, Kenneth Clarke, worked for Defendant Emmitsburg Glass Co. ("Emmitsburg") and participated in a group life and disability insurance policy ("the policy"). Plaintiff was the designated beneficiary under Kenneth Clarke's policy. Upon Kenneth Clarke's death, Plaintiff did not initially file a claim for death benefits under the policy. Instead, Heather Allison Clarke ("Mrs. Clarke"), Kenneth Clarke's widow, filed a claim. After Mrs. Clarke's claim was denied, Plaintiff submitted a letter to Guardian that served as an appeal of the denial of death benefits under the policy. The letter was written on Plaintiff's letterhead and submitted with Plaintiff's signature, but it referenced the claim number that Mrs. Clarke had initially submitted. Guardian denied Plaintiff's appeal, but denied it as a claim.

Guardian insists that because Judge Grimm construed Plaintiff's appeal as an appeal of the denial of Mrs. Clarke's claim, rather than Plaintiff's personal claim, the Court must now find that while Plaintiff may have exhausted Mrs. Clarke's administrative remedies, Plaintiff has not exhausted her *personal* administrative remedies. As a result, Guardian argues, Plaintiff lacks standing to maintain this action. Plaintiff opposes Guardian's motion, and argues that even if Plaintiff did not technically follow the procedures to exhaust her administrative remedies as the beneficiary, she still has standing to maintain this action.

## II. ARTICLE III STANDING

Guardian's sole argument is that Plaintiff lacks standing to maintain this action because, under Guardian's analysis, Plaintiff is suing on behalf of Mrs. Clarke. ECF No. 45-1 at 5. This is not the case. Plaintiff brought this action as the beneficiary of her son's insurance policy. ECF No. 2 at 1. Plaintiff did not bring this action, as Guardian contends, on behalf of Mrs. Clarke. Judge Grimm previously determined that "Plaintiff exhausted her administrative remedies prior to filing her Complaint." ECF No. 41 at 7. Guardian contends that, given that Plaintiff exhausted her administrative remedies with regard to Mrs. Clarke's claim for benefits, she now lacks standing to maintain this action to recover benefits for Mrs. Clarke and cannot assert "representational standing." ECF No. 45 at 4-5. Guardian's argument confuses the

3

exhaustion requirement generally imposed upon ERISA claimants with principles of constitutional standing under Article III.

The plaintiff in a federal action bears the burden of demonstrating that she possesses standing to pursue her claims in federal court. To demonstrate standing, a plaintiff must show that: (1) she has suffered an injury in fact; (2) the injury is fairly traceable to the defendant's actions; and (3) the injury is likely to be redressed by a favorable decision of the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The injury alleged must not be speculative, but must be "concrete and particularized" as well as "actual and imminent." *Id*. at 560. Further, it is essential that the injury have been caused by the defendant's conduct and not by the conduct of a third party beyond the court's control. *See Frank Krasner Enterprises, Ltd. v. Montgomery County*, 401 F.3d 230, 234-35 (4th Cir. 2005). "Standing is determined at the commencement of a lawsuit." *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013) (citing *Lujan*, 504 U.S. at 571 n.5 (1992)). "When standing is challenged on the pleadings, we accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party." *David v. Alphin*, 704 F.3d 327, 333 (4th Cir. 2013) (citing *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988)).

Here, Plaintiff unmistakably has standing. In her Complaint, Plaintiff alleges that, as the policy beneficiary, she is owed certain benefits that the defendants refuse to pay. ECF No. 2 at 1. This injury is not speculative, but is an injury that is actual and particularized. Plaintiff's Complaint goes on to trace her injury to the defendants' conduct by alleging that Guardian refused to pay the policy benefits owed to her "despite repeated demands." *Id*. Finally, Plaintiff's injury could be redressed by a favorable decision in this Court, one which could require the defendants to pay Plaintiff the $15,000 policy benefits she alleges are owed to her.

Guardian asserts that Plaintiff lacks standing because she "cannot suffer injury-in-fact from the denial of the claim of Mrs. Clarke." ECF No. 45-1 at 4. Plaintiff, however, seeks to

4

recover from Guardian the benefits it denied to Plaintiff as the policy beneficiary, not the benefits that Mrs. Clarke initially claimed administratively.[2]

---

[2] Guardian does not argue that Plaintiff's exhaustion of administrative remedies with respect to Mrs. Clarke's claim mandates dismissal. Guardian's argument solely concerns Plaintiff's *lack of standing* as a result of her exhaustion of administrative remedies with respect to another person's claim, rather than her own claim. In any event, had Guardian raised this argument, I would have rejected it. ERISA does not contain an explicit exhaustion provision, but an "ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits under 29 U.S.C. § 1132." *Makar v. Health Care Corp of Mid-Atl. (Carefirst)*, 872 F.2d 80, 82 (4th Cir. 1989) (dismissing complaint without prejudice to permit plaintiff to exhaust internal claims procedures where "virtually no factual record" had been developed and "plan fiduciaries [had] not had the opportunity to define the relevant issues or to apply the relevant plan provisions" with respect to a claim for benefits). The apparent purpose of the exhaustion requirement is to "minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a non-adversarial dispute resolution process; and decrease the cost and time of claims settlement." *Id*. at 83. Where an ERISA claimant fails to exhaust her administrative remedies, a court will dismiss the claim, without prejudice, to permit the claimant to pursue those remedies. *Id.*

Two exceptions to the exhaustion requirement have been recognized: futility and wrongful denial of meaningful access to the administrative procedures. *SunTrust Bank v. Aetna Life Ins. Co.*, 251 F.Supp.2d 1282, 1289 (E.D. Va. 2003). "Meaningful access" requires that, upon denial of a claim, the plan administrator must adhere to the statutory regulations governing notice of denial of benefits. *Id*. Where a letter denying benefits to a claimant fails to substantially comply with the statutory notice provisions, or otherwise does not permit "a sufficiently clear understanding of the denial of benefits," a claimant will be excused for failing to exhaust her administrative remedies. *Id*. Under the doctrine of futility, if it appears "that it would be futile for a plaintiff to have pressed his claim through the plan's established remedies, then a failure to exhaust may be excused." *Vogel v. Independence Federal Sav. Bank*, 728 F. Supp. 1210 (D. Md. 1990). In *Dameron v. Sinai Hosp. of Baltimore, Inc.*, 626 F. Supp. 1012, 1015 (D. Md. 1986), two proposed class representatives failed to exhaust their administrative remedies prior to bringing an ERISA action concerning the calculation of pension benefits. The court waived the exhaustion requirement on the grounds of futility. *Id*. The original named class representative exhausted her administrative remedies and was informed by the plan on appeal that the plan was unwilling to change the method of calculating her pension benefits. *Id.* The court held that where a plan had determined a question concerning how pension benefits were calculated, and there was no reason to believe that it would change its position, exhaustion by the other proposed class representatives would have been futile. *Id.*

Here, Guardian initially denied Mrs. Clarke's claim for benefits on the ground that "there was no life insurance coverage in effect at the time" of her husband's death. ECF No. 17-5 at 55-57. Similarly, whether Plaintiff's appeal of the denial of Mrs. Clarke's claim for benefits is construed as an appeal (as this Court has done) or as an initial claim (as Guardian urges), Guardian denied Plaintiff's claim on the same grounds. *See* ECF No. 17-5 at 17-19. Had Guardian argued that Plaintiff's claim must be dismissed because of her failure to exhaust

5

.

## III. CONCLUSION

For the reasons stated above, Guardian's Motion for Judgment on the Pleadings is **DENIED**.  A separate Order shall follow.

SO ORDERED.

Date:  July 1, 2013

/s/
Timothy J. Sullivan
United States Magistrate Judge

---

administrative remedies with respect to her personal claim to benefits, I would have found that Plaintiff's pursuit of administrative remedies after the denial of benefits to Mrs. Clarke would have been futile.  As in *Dameron*, Guardian was clear in its notice of denial that the claim would be denied because no coverage was in place at the time of the insured's death.  There was no reason for Plaintiff to believe that this denial was based on Mrs. Clarke's status as a non-beneficiary under the policy, as Guardian's notice of denial of benefits explicitly limited the reason of the denial to the lack of coverage at the time of Kenneth Clarke's death.  Additionally, requiring Plaintiff to pursue additional administrative remedies would fail to promote any of the interests the exhaustion requirement is intended to further.  Additionally, unlike the ERISA claimant in *Makar*, Plaintiff's pursuit of administrative remedies in this case led to the development of a significant factual record and provided Guardian with an opportunity to review the claim and determine whether Plaintiff was "deserving of benefits."  *Makar*, 872 F.2d at 83.