IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROSEMARIE BROWN,           *

    Plaintiff           *

v.                         *           Civil No. TJS-12-2911

EMMITSBURG GLASS CO., et al.    *

    Defendants.         *

                                 *

          *   *   *   *   *   *

**MEMORANDUM OPINION**

This Memorandum Opinion[1] addresses Defendant Emmitsburg Glass Company's ("Emmitsburg") Motion to Dismiss and/or for Summary Judgment ("Motion") (ECF No. 35) and Plaintiff Rosemarie Brown's Response (ECF No. 42). For the reasons stated herein, Emmitsburg's Motion to Dismiss and/or for Summary Judgment is **DENIED**. This Memorandum Opinion disposes of ECF Nos. 35 and 42.

**I.   BACKGROUND**

    **A.  Standard of Review**

Emmitsburg has moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56. When a court considers matters outside the pleadings, a motion to dismiss under Rule 12(b)(6) must be treated as a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d); *Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F. Supp. 2d 551, 556 (D. Md. 2003). Because both Emmitsburg and Plaintiff present matters

---

[1] On October 25, 2012, this case was referred to then-Chief Magistrate Judge Paul Grimm for all proceedings, pursuant to 28 U.S.C. § 636(c) by consent of the parties. After Judge Grimm's elevation to United States District Judge, this case was reassigned to me.

outside the pleadings in the form of attached materials, the Court will consider these materials and review the motion as one for summary judgment.

In reviewing the evidence related to a motion for summary judgment, the Court considers the facts in the light most favorable to the non-moving party. *Ricci v. DeStafano*, 557 U.S. 557, 586 (2009); *George & Co., LLC v. Imagination Entm't Ltd.,* 575 F.3d 383, 391-98 (4th Cir. 2009); *Dean v. Martinez*, 336 F. Supp. 2d 477, 480 (D. Md. 2004). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Meson v. GATX Tech. Servs. Corp.*, 507 F.3d 803, 806 (4th Cir. 2007). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**B. Summary of the Case**

The following facts are undisputed. Plaintiff's son, Kenneth Clarke ("Mr. Clarke"), worked for Emmitsburg and, through that employment, participated in a group life and disability insurance policy issued to Emmitsburg by co-defendant Guardian Life Insurance Company of America ("Guardian"). ECF No. 42-1 at 1. The life insurance policy ("the policy" or "the plan") was in the amount of $15,000.00, and Mr. Clarke designated Plaintiff as the beneficiary under the policy. ECF No. 42-1 at 2. In early 2009, Mr. Clarke was diagnosed with cancer. *Id.* Within months of that diagnosis, he was unable to work, and Guardian began paying disability benefits to him in April 2009. ECF No. 42-1 at 2. On September 1, 2009, Emmitsburg terminated its group life insurance policy with Guardian and transferred to another carrier. ECF No. 35-1 at 2.

2

Because Mr. Clarke was disabled and receiving disability benefits from Guardian, he was entitled to apply for an extension of group life insurance through Guardian. ECF No. 35-1 at 2. Mr. Clarke never filed the necessary paperwork to extend his insurance policy. ECF No. 35-1 at 3. He died on April 12, 2010. ECF No. 42-1 at 4. When Plaintiff submitted a claim to Guardian for the life insurance benefits, she was informed that there was no insurance policy in effect for Mr. Clarke at the time of his death. *Id.*

Emmitsburg and Plaintiff dispute the following facts. Emmitsburg contends that Guardian sent Mr. Clarke a letter, dated August 24, 2009, explaining his right to apply for an extension of group life insurance without premium payment due to disability. ECF No. 35-1 at 5-6. The letter explained the procedure for doing so and included the necessary forms for processing the extension. *Id.* Emmitsburg also contends that on August 27, 2009 it sent Mr. Clarke a letter informing him that, effective September 1, 2009, Emmitsburg would be transferring its group insurance policy, that he would not be covered under the new group plan because of his existing disability claim with Guardian, and that he was able to keep his insurance with Guardian if he completed the necessary forms. ECF No. 35-1 at 6. Emmitsburg contends that it included Guardian's August 24, 2009 letter with this letter, as well as additional copies of the required forms. Because Mr. Clarke never completed these forms, his insurance terminated on September 1, 2009. *See* ECF No. 35-2 at 2.

Plaintiff claims that Mr. Clarke never received these letters and that Emmitsburg repeatedly assured her son that his coverage under the policy remained in effect. ECF No. 42-1 at 2. Plaintiff claims that Emmitsburg had a contractual obligation to ensure that Mr. Clarke's coverage under the policy continued, consistent with Emmitsburg's assurances. ECF No. 42-1 at 8. Plaintiff also alleges that she and her son relied on Emmitsburg's assurances to their

detriment, as they would have taken the appropriate steps to continue Mr. Clarke's coverage if they had been aware that it was in jeopardy of being cancelled. *Id.* Emmitsburg claims that it made no such assurances to Mr. Clarke or Plaintiff. ECF No. 35-2 at 2.

## II.  DISCUSSION

Emmitsburg's Motion argues that Plaintiff has failed to state a claim for breach of contract and that, accordingly, Emmitsburg is entitled to judgment as a matter of law. Plaintiff argues that a breach of contract has been established. In Emmitsburg's Motion and Plaintiff's Response, the parties assume that state contract law governs this action.  For the reasons set forth below, however, the parties arguments about state contract law are immaterial to the resolution of Emmitsburg's Motion, because federal law governs this case.

This case, originally filed in the District Court of Maryland for Baltimore County, was removed to this Court pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 1132, as an action pursuant to the Employee Retirement Income Security Act's ("ERISA") civil enforcement provision.  *See* ECF Nos. 1 & 15.  While neither party has addressed the federal preemption of the original state law claims in their Motion and Response, the doctrines of conflict preemption and complete preemption are significant in the context of ERISA and particularly important in this case. Section 514(a) of ERISA states that its provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).  The Supreme Court and the Fourth Circuit have given the phrase "relate to" in § 514(a) its "broad common-sense meaning."  *Custer v. Sweeney*, 89 F.3d 1156, 1166 (4th Cir. 1996) (citing *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)). In *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983), the Supreme Court established that "[a] law 'relates to' an

employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."

ERISA does not preempt "only state laws specifically designed to affect employee benefit plans" or "only state laws dealing with the subject matters covered by ERISA." *Id.* at 98. Rather, the scope of ERISA's preemption is "deliberately expansive" and designed to make regulation of employee benefit plans "exclusively a federal concern." *See Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 341 (4th Cir. 2007) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987)).

In this case, Plaintiff, a plan beneficiary, seeks to establish an employer's obligations related to an employee benefit plan. Plaintiff's state law claims conflict with ERISA's exclusive regulation of employee benefit plans, thereby falling within the scope of ERISA's § 514 conflict preemption. *See* 29 U.S.C. § 1144(a). That Plaintiff's claims are preempted under § 514, however, does not require the dismissal of the claims in this Court. *See Thomas v. Hartford Life & Accident Ins. Co.*, No. 1:03CV65-C, 2003 WL 22466198 (W.D.N.C. Sept. 3, 2003). The doctrine of complete preemption provides for the "existence of a federal cause of action that replaces the preempted state cause of action." *King v. Marriott Int'l., Inc.*, 337 F.3d 421, 425 (4th Cir. 2003). This occurs when "Congress intend[s] [that] a federal cause of action be the exclusive cause of action for the type of claim brought by the plaintiff." *Id.*; *c.f. Custer v. Sweeney*, 89 F.3d 1156, 1167 (4th Cir.1996) ("Federalism concerns strongly counsel against imputing to Congress an intent to displace a whole panoply of state law . . . absent some clearly expressed direction.") The complete preemption doctrine exists as a "narrow exception" to the well-pleaded complaint rule, allowing a cause of action to arise under federal law despite plaintiff's well-pleaded complaint lacking issues of federal law. *See Lontz v. Tharp*, 413 F.3d

435, 439-40 (4th Cir. 2005). Accordingly, where a plaintiff's state claims are completely preempted by federal law, "the plaintiff simply has brought a mislabeled federal claim," *King*, 337 F.3d at 425, and the asserted state law claim should be treated as the appropriate federal claim. *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002).

The Supreme Court has made clear that it is "reluctant" to find complete preemption, as complete preemption interferes with a plaintiff's ability to plead under the law of their choosing. *See Metro. Life*, 481 U.S. at 65. In fact, the Supreme Court has found complete preemption in only three statutes, and ERISA is one of them. *Lontz*, 413 F.3d at 441 (stating that the Supreme Court has found complete preemption with respect to the National Bank Act, ERISA § 502(a), and the Labor Management Relations Act § 301).

ERISA's § 502(a) civil enforcement provision, 29 U.S.C. § 1132, "completely preempts state law claims that come within its scope and converts these state claims into federal claims." *Darcangelo*, 292 F.3d at 187. Thus, the essential question for this Court to decide is whether the Plaintiff's state law claims come within the scope of § 502(a) so as to be completely preempted. *See Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003). The Fourth Circuit has recognized "three essential requirements for complete preemption: (1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must '[fall] within the scope of an ERISA provision that [it] can enforce via § 502(a)'; and (3) the claim must not be capable of resolution 'without an interpretation of the contract governed by federal law,' i.e., an ERISA-governed employee benefit plan." *Sonoco Products Co.*, 338 F.3d at 372 (quoting *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996)).

With regard to the first requirement, Plaintiff has standing under § 502(a)(3) because she is a beneficiary. *See* 29 U.S.C. § 1132(a)(3) (stating that "[a] civil action may be brought . . . by

6

a participant or beneficiary" of a plan). The parties do not dispute that Mr. Clarke designated Plaintiff as the beneficiary of benefits under the policy in the event of his death. As a beneficiary, Plaintiff has standing under ERISA to bring this action, satisfying the first requirement for the Court to find complete preemption.

Plaintiff's claims meet the second requirement, as well. On the whole, Plaintiff seeks to recover death benefits from the employee benefit plan for which she was a beneficiary. *See* 29 U.S.C. § 1132(a)(1)(B) (providing that a civil enforcement action under ERISA may be brought to recover benefits due under the terms of a plan); *Moon v. BMX Technologies, Inc.*, 498 Fed. Appx. 268 (4th Cir. 2012) (determining that a beneficiary's claims against employer after insurer denied death benefits amounted to an attempt to recover the benefits owed to her under the terms of the plan). Additionally, Plaintiff's allegations of Emmitsburg's breach of its fiduciary duties fall within the scope of ERISA's civil enforcement provisions. *See Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371 (4th Cir. 2001).

The facts alleged here are similar to those at issue in *Griggs*. *Id.* In *Griggs*, an employee lost plan benefits as the result to an employer's false representations and failure to provide appropriate information regarding the potential loss of these benefits. *Id*. at 379. The Fourth Circuit held that the employer, in providing the employee with information about the plan, had certain fiduciary duties under ERISA. *Id*. The court stated that the employer had the duty to refrain from "misinform[ing] employees through material misrepresentations," as well as the duty to "communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to know for his protection." *Id.* at 380. Plaintiff's allegations in this case are remarkably similar. While the parties have not briefed the role of Emmitsburg as a fiduciary, it is well settled that a fiduciary

7

duty attaches where an employer "wear[s] two hats" by acting as both an employer and a plan administrator. *See id*. at 379 (citing *Barnes v. Lacy* 927 F.2d 539, 544 (11th Cir. 1991) and *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101 (6th Cir. 1983). Here, Plaintiff alleges that Emmitsburg assured her son that his insurance coverage would remain in effect and that he need take no action. (ECF Nos. 2 & 42 at 3). This advice constitutes a material misrepresentation, and, whether it was made negligently or otherwise, would amount to a breach of Emmitsburg's fiduciary duty to Plaintiff, Mr. Clarke's beneficiary. Because Plaintiff's claims fall within the scope of an ERISA provision that can be enforced under § 502(a), Plaintiff meets the second requirement for a finding of complete preemption.

Finally, the resolution of Plaintiff's claims will require interpretation of an ERISA-governed employee benefit plan. Here, the determination of whether Plaintiff is entitled to benefits under the terms of the plan will require, at a minimum, an interpretation of the plan at issue in this case. *See Moon*, 498 Fed. Appx. at 274 (holding that a party's claim for benefits fell within the scope of ERISA's civil enforcement provision, § 502(a), because the party sought, essentially, to "recover benefits allegedly owed to her based on the disputed coverage documents"). Resolution of this case would be impossible without interpreting the plan, as the plan dictates, among other things, the obligations of its participants and the rights of its beneficiaries.

As all three requirements for complete preemption are met here, the Court finds that Plaintiff's claims are completely preempted under ERISA. The Court will treat Plaintiff's claims as ERISA claims: a claim for the recovery of benefits due under the plan and a claim for benefits lost as a result of Emmitsburg's breach of its fiduciary duties.

Despite the absence of arguments in Emmitsburg's Motion and Plaintiff's Response, the Court is satisfied that summary judgment should be denied. At bottom, there are a number of material facts in dispute between Plaintiff and Emmitsburg. For example, and of primary importance to the resolution of this motion, disputes exist over whether Emmitsburg informed Mr. Clarke that his insurance coverage would terminate if he did not take certain steps by applying for an extension of coverage and over whether Emmitsburg assured Mr. Clarke that his insurance coverage would continue without any action necessary on his part. These genuine factual disputes alone are sufficient to warrant the denial of Emmitsburg's Motion for Summary Judgment.

In addition, putting aside the genuine disputes of material facts that exist, Emmitsburg has failed to show that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In its Motion, Emmitsburg argues that under Maryland contract law, it cannot be held liable under the insurance policy at issue because it was not a party to the contract. ECF No. 35-1 at 5. Maryland contract law, however, no longer applies to this action because of ERISA's complete preemption. Because Emmitsburg has failed to show that it is entitled to judgment as a matter of law, its Motion must be denied.

## III. CONCLUSION

For the reasons stated above, the Emmitsburg Glass Company's Motion for Summary Judgment is **DENIED**. A separate Order shall follow.

SO ORDERED.

Date: July 1, 2013

/s/
Timothy J. Sullivan
United States Magistrate Judge